# ROUNDY *v.* THATCHER.

When the plaintiff, agreed with defendant that his minor son should work for defendant a certain time, to be paid for in boarding, clothing and schooling the son, and the son worked a ‚part of the time, and then volun-

tarily abandoned defendant without his consent, *held*, that the law would not imply a promise to pay in money, what the services of the son were reasonably worth beyond the damages caused by the son's failure to complete the contract, the defendant being always ready to pay in the manner stipulated.

ASSUMPSIT by David A. Roundy against Lucius Thatcher, for money had and received, money lent and paid, goods bargained and sold, and sold and delivered, and for " labor performed by a minor son of the plaintiff for the defendant at his request," and for interest on debts due, &c.   Plea, the general issue.

The case was committed to an auditor who made the annexed report.   And the parties having agreed that the questions arising thereon be submitted to the whole court, the case was accordingly reserved and transferred.

## SUPREME JUDICIAL COURT.

CHESHIRE, ss.

### DAVID A. ROUNDY *v.* LUCIUS THATCHER.

The undersigned, Auditor in the above entitled action, at the request of counsel for the defendant, respectfully submits the following additional report, viz :   The plaintiff's claim was for the value of the services of his minor son, in the employment of the defendant from about the first day of January, 1868, to about the first day of August, 1868.   Said services were rendered under a verbal agreement between the plaintiff and the defendant, that the plaintiff's said son should labor for the defendant from some time in January, 1868, to the first day of March, 1869, and that the defendant should board and clothe said son, and allow him to attend school the usual length of time.   The son remained in the defendant's employment from the time said contract was made until about the first of August, 1868, at which time he voluntarily abandoned his employment, without the defendant's consent, and never returned.

I find, that the value, to the defendant, of such services exceeded the damage sustained by him by reason of the breach of said contract as aforesaid, by the sum of twenty-five dollars (25.00) from which sum I have deducted the sum of four dollars and sixty-three cents—being the amount of clothing furnished by said defendant under said contract—leaving due to the plaintiff the sum of twenty dollars and thirty-seven cents.   The defendant claimed, that the plaintiff, upon this state of facts, could not recover on a declaration in general indebitatus assumpsit, and that the declaration should have been special, on the agreement.   For the purpose of presenting to the court, this question of law, arising upon the hearing, I report the foregoing facts found by me upon said hearing.

F. A. FAULKNER, *Auditor*.

*Lane & Healey*, for plaintiff.

The plaintiff is entitled to recover upon the common counts for work and labor, even upon a part performance of the original agreement if it appear that the defendant has availed himself of, derived a benefit from and accepted the services already rendered.   1 Ch. Pl. 349, and notes; *Britton* v. *Turner*, 6 N. H. 481; *Hartwell* v. *Jewett*, 9 N. H. 249.   There can be no other form of declaration, to meet a case like this.

*Woodward & Wellington*, for defendant.

The court held in *Moore* v. *Ross*, 7 N. H. 528, that the consideration of a contract not under seal must be truly stated and proved as laid.   We find nothing in conflict with this principle.   The auditor finds that the consideration of the present contract is that the " *defendant should board and clothe said son and allow him to attend school the usual length of time.*"   This was a *stipulated mode of payment* for the services rendered.   In the case of *Champlin* v. *Butler*, 18 Johns. 169, this question was considered and decided.   Here the court held that when there was a *stipulated amount and mode of compensation* for the services rendered, the plaintiff could not recover upon a *quantum meruit*.   (The last case is reported incorrectly in the use of the word defendant for plaintiff in third line from the end.)   See also, in connection with this position the authorities cited in Bouvers' Law Dictionary under definition of the word *quantum meruit*, sec. 2.   In *Mitchell* v. *Gile*, 12 N. H. 390, and particularly upon pages 392 and 393 in the report of said case will be found a discussion of this question, our court there holds the same theory we present now.   All the authorities hold, that the plaintiff cannot waive a subsisting contract but must bring his action upon the contract as it was made.   In other words he cannot waive an *express contract*, and resort to an *implied one*.   No exceptions exist to this rule except in certain cases where the *price is to be paid in money.*   So the case of *Britton* v. *Turner*, cited by the plaintiff is inapplicable.   The last case is inapplicable also, for the reason, that the count in that case was *quantum meruit* while in this action it is *indebitatus* assumpsit.   All the cases uniformly hold that *indebitatus assumpsit* will not lie where the agreement is not for the payment of money but for the doing of some other thing.   1 Ch. on Pl. 340, note (13th Ed.;)  *Randlett* v. *Moore*, 21 N. H. 336;  *Wilson* v. *Perry*, 10 N. H. 445;  *Mitchell* v. *Gile*:   *Champlin* v. *Butler*, *urbi supra*.

BELLOWS, C. J.   The contract not having been performed on the part of the plaintiff, it is clear, that he could not maintain a suit for the breach of that, but his remedy if he have any, is by general assumpsit.

The compensation is not earned under the special contract, but the plaintiff must stand upon the ground, that a beneficial service

has been rendered, which the defendant has accepted and received and for which the law will imply a promise to pay, as in the case of a promise to sell and deliver a certain quantity of wheat at a price fixed, and a delivery of a part only, and a failure to deliver the rest. Here if the vendee accepts and retains the part delivered, the law will imply a promise to pay for it, at a price not exceeding, however, the price stipulated in the contract, but subject to the deduction of an amount equal to the damages occasioned by the neglect to deliver the remainder of the wheat. In this way, justice may be done and the rights of the parties determined in one suit, if the defendant so elects.

The contract having been broken by the plaintiff, he cannot enforce it, nor can the defendant set it up to defeat the recovery of a reasonable compensation for what he has actually received. He may, however, introduce it to limit the price of the goods or services, which cannot exceed the prices fixed in the contract; and so if the time of payment is fixed by it the plaintiff cannot sue until that time has arrived. *Britton* v. *Turner,* 6 N. H. 481; *Hartwell* v. *Jewett,* 9 N. H. 249; *Thompson* v. *Phelan,* 22 N. H. 347–8; *Davis* v. *Barrington,* 30 N. H. 530. So if it be expressly agreed that nothing shall be paid until the contract is fully performed, then the law will not, against such express stipulation imply a promise to pay for a part: see the cases above cited. Upon the same principle, it would seem, that if the contract was to pay in a particular way, as in certain stocks, in land, or other specific articles, the law would not imply a promise, in case of a part performance, to pay in money. In the case before us, the compensation for the stipulated service was to be made by board, clothing, and schooling furnished to the son. There was no agreement to pay the father any money, or any thing else. It does not appear, that the contract had been broken by the defendant, and for aught that is shown, he had furnished the board, clothing and schooling according to the contract.

The finding of the auditor, that the services of the son were twenty dollars and thirty-three cents more in value than the sum expended by the defendant for clothing, and the damages occasioned by the son's failure to complete the contract is consistent, perfectly, with the fact, that defendant had paid and done all he agreed to do. He was to board, clothe and school the son, and that was to be a full compensation for his services. The auditor finds, that his services were worth more than he received during this time, but if defendant did all he agreed to do for those services, the plaintiff can recover no more, even if those services were worth more, for the plaintiff could not recover for the part performance, anything beyond the stipulated rate of compensation. It does not appear from the auditor's report, that defendant has not made the compensation for the services rendered that was provided for by the contract, and we think the plaintiff is not entitled to recover.

Had it appeared that the sum found by the auditor was after the stipulated rate, and that had not been paid, the question would have

arisen, whether, when by the agreement the compensation for the services of the son was to be by his board, clothing and schooling, the law would imply a promise, to pay for a part of those services in money.

As we have seen, if it be expressly agreed, that nothing shall be paid until the whole is earned, a suit cannot be maintained when there has been only a part performance by the plaintiff. *Britton* v. *Turner*, before cited, and so is *Page* v. *Marsh*, 36 N. H. 305, and so if a time of payment is fixed by the agreement a suit cannot be maintained before that time has arrived, nor can the plaintiff recover any more than after the rate of the contract price. It seems, then, that although the plaintiff in such cases cannot enforce the contract, and must go upon an implied assumpsit to pay for what the defendant has received and accepted under it, and although the defendant cannot in general set up such contract to defeat wholly the plaintiff's claim for a reasonable compensation for the benefits actually received by the defendant, yet he may set it up to limit the rate of compensation and the time of payment. Upon the same principle, we perceive no reason for its not being used to limit the mode of payment.

In the case before us, the compensation was to be made to the son in board, clothing and schooling; and when the defendant accepted the services from time to time it was upon the understanding, that they were to be paid for in that way to the son, and not to the father, and it would, I think, be contrary to the spirit of our decision on this subject, to hold that the law would imply a promise to pay the father in money, the reasonable value of those services.

If the contract was to pay the plaintiff in something besides money, which was divisible in its nature, and the defendant had refused to pay in that way, after a part performance by the plaintiff and the abandonment of the rest and notice thereof, a different question would be raised, which we are not called upon to settle; but to imply a promise to pay the plaintiff in money, when the agreement was, to pay the son in board, clothing and schooling, would be to imply a promise not only without evidence to support it, but clearly contrary to the express stipulation of the parties, and when, as in this case, there is no proof or suggestion that defendant has refused to make compensation in the manner stipulated, it would be, we think, altogether anomalous, to imply a promise to pay the plaintiff in money.

The principle of *Britton* v. *Turner* has, it is true, been repeatedly recognized in this state, but not in a way to indicate a disposition to extend it. See *Laton* v. *King*, 19 N. H. 280, and *Davis* v. *Barrington*, 30 N. H. 517.

We think, however, that the general principle of *Britton* v. *Turner*, is sound and equitable, but it would be a departure from it to imply a promise to pay for a part performance of an entire contract in money, when by the express terms of the contract, it was to be paid in a totally different way.

*Judgment for defendant.*